# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DESEREE ZIMMERMAN; and
KRISTIN SANCHEZ,

      Plaintiffs,

v.

NICHOLAS S. GREEN; and
BALLISTIC LOGISTICS LLC,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Deseree Zimmerman and Kristen Sanchez, by and through their attorneys, Corboy & Demetrio, P.C. and Leventhal Sar LLC, for their Complaint against the Defendants ("Complaint"), state and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Deseree Zimmerman is and was, at all times relevant to this Complaint, an individual residing in Chicago, Illinois and is a citizen of the State of Illinois.

2.    Plaintiff Kristen Sanchez is and was, at all times relevant to this Complaint, an individual residing in Chicago, Illinois and is a citizen of the State of Illinois.

3.    Defendant Nicholas Greene is and was, at all relevant times to this Complaint, an individual residing in Battle Ground, Washington and is a citizen of the State of Washington.

4.      Praxedes Wara, a registered agent of Ballistic Logistics LLC, is and was, at all relevant times to this Complaint, an individual residing in Houston, Texas and is a citizen of the State of Texas.

5.      Defendant Ballistic Logistics LLC is and was, at all times relevant to this Complaint, a Texas limited liability company with its principal place of business in Houston, Texas.

6.      Defendant Ballistic Logistics LLC has two members or officers. Ballistic Logistics LLC's members or officers are Nicholas Greene and Praxedes Wara.

7.      Nicholas Greene and Praxedes Wara are citizens of the States of Washington and Texas, respectively. Therefore, Ballistic Logistics LLC is and was, at all relevant times to this Complaint, a citizen of the States of Washington and Texas.

8.      The Plaintiffs and the Defendants are completely diverse.

9.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.      Venue is proper in this Court because, among other things, the causes of action arise out of a vehicle collision that occurred in Colorado.

## BACKGROUND

11.      Deseree Zimmerman and Kristen Sanchez bring this action for damages arising from a motor vehicle collision that occurred on December 29, 2017, in Logan County, Colorado.

## GENERAL ALLEGATIONS

12.      On December 29, 2017, at approximately 8:50 p.m., Interstate 76 was a highway running northeast/southwest near Highway Mile Point 136.7 in Logan County, Colorado.

13.     At that time and place, Deseree Zimmerman was operating a motor vehicle westbound on Interstate 76.

14.     At that time and place, Kristen Sanchez was a passenger in the vehicle Deseree Zimmerman was operating.

15.     Hereinafter, the vehicle that Deseree Zimmerman was operating and which Kristen Sanchez was a passenger may be referred to as the "Zimmerman/Sanchez vehicle."

16.     At that time and place, Nicholas Greene was operating and/or driving a Kenworth tractor-trailer westbound on Interstate 76, behind the Zimmerman/Sanchez vehicle.

17.     At that time and place, Ballistic Logistics LLC owned and/or operated the Kenworth tractor-trailer driven by Nicholas Greene.

18.     At that time and place, Nicholas Greene was the duly authorized agent and/or employee of Ballistic Logistics LLC.

19.     Hereinafter, the tractor-trailer that Nicholas Greene was operating may be referred to as the "Ballistic Logistics LLC/Nicholas Greene tractor-trailer."

20.     At that time and place, the Ballistic Logistics LLC/Nicholas Greene tractor-trailer struck the rear end of the Zimmerman/Sanchez vehicle, causing severe injuries, damages, and losses to the Plaintiffs.

21.     At that time and place, the Zimmerman/Sanchez vehicle left the roadway and continued off the right shoulder and rolled over.

22.     At that time and place, Deseree Zimmerman and Kristin Sanchez were both ejected from their vehicle.

## FIRST CLAIM FOR RELIEF
### (Negligence)

23.     Deseree Zimmerman and Kristen Sanchez incorporate by reference the previous paragraphs as if fully set forth herein.

24.     At that time and place, Nicholas Greene, himself, and Ballistic Logistics LLC, individually, and by and through its agent and/or employee, Nicholas Greene, and each of them, owed a duty to other drivers on the road, including to drive and/or operate a vehicle in a reasonable, safe, and careful manner.

25.     At that time and place, Nicholas Greene, himself, and Ballistic Logistics LLC, individually, and by and through its agent and/or employee, Nicholas Greene, and each of them were negligent in one or more of the following ways:

> a.  Operated, managed, maintained and controlled a motor vehicle so that as a direct and proximate result thereof, the Plaintiffs were injured;
>
> b.  Operated, managed, maintained, controlled and drove a motor vehicle into collision with the rear end of the motor vehicle then and there operated by Ms. Zimmerman;
>
> c.  Operated a motor vehicle in disregard for the safety of persons or property, in violation of C.R.S. § 42-4-1401;
>
> d.  Operated a motor vehicle without due regard for the safe use of streets and highways, in violation of C.R.S. § 42-4-1402; and
>
> e.  Failed to decrease speed so as to avoid colliding with another vehicle.

26.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Deseree Zimmerman and Kristen Sanchez sustained injuries, damages, and losses, including past and future economic damages, past and future non-economic damages, and

past and future physical disfigurement and impairment damages. Plaintiffs seek all costs and interest available under the law.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se*)

27.     Deseree Zimmerman and Kristen Sanchez incorporate by reference the previous paragraphs as if fully set forth herein.

28.     Defendant's conduct, as described above, was in violation of one or more provisions of Colorado law, including, but not limited to, C.R.S. § 42-4-1402.

29.     C.R.S. § 42-4-1402 states, in pertinent part, as follows:

(1)  A person who drives a motor vehicle, bicycle, electrical assisted bicycle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving. A person convicted of careless driving of a bicycle or electrical assisted bicycle shall not be subject to the provisions of section 42-2-127.

(2)     (a)  Except as otherwise provided in paragraphs (b) and (c) of this subsection (2), any person who violates any provision of this section commits a class 2 misdemeanor traffic offense.

(b)  If the person's actions are the proximate cause of bodily injury to another, such person commits a class 1 misdemeanor traffic offense.

(c)  If the person's actions are the proximate cause of death to another, such person commits a class 1 misdemeanor traffic offense.

30.     At or about the time of the collision described above, the above-mentioned statute was in effect.

31.     Defendant violated one or more provisions of Colorado law, including the above-mentioned law.

32.     After the collision occurred, a Colorado State Patrol Officer cited Nicholas Greene for "careless driving resulting in serious bodily harm" in violation of C.R.S. § 42-4-1402 due to, among other things, his inattentive driving.

33.     The purpose of this law is to prevent the type of injuries and losses that Plaintiffs sustained.

34.     At that time and place, Nicholas Greene, himself, and Ballistic Logistics LLC, individually, and by and through its agent and/or employee, Nicholas Greene, and each of them, were negligent *per se* for operating his motor vehicle without due regard for the safe use of streets and highways, in violation of C.R.S. § 42-4-1402.

35.     The violation of this law constitutes negligence per se.

36.     As a direct, proximate, and foreseeable result of the foregoing negligent acts or omissions, including the violation of Colorado law, including the statute cited above, Deseree Zimmerman and Kristen Sanchez sustained injuries damages and losses as more fully described above.

### THIRD CLAIM FOR RELIEF
#### (*Respondeat Superior*)

37.     Deseree Zimmerman and Kristen Sanchez incorporate by reference the previous paragraphs as if fully set forth herein.

38.     Upon information and belief, at all relevant times, Defendant Nicholas Greene was an employee, agent, officer and/or servant of Defendant Ballistic Logistics LLC.

39.     Nicholas Greene was negligent, as more fully set forth above.

40.     Upon information and belief, at all relevant times, Nicholas Greene was acting within the course and scope of his employment, office, and/or authority.

41.     Defendant Ballistic Logistics LLC is responsible for the negligent acts and/or omissions of its employees, agents, officers and/or servants that occur within the course and scope of their employment, office, and/or authority.

42.     Upon information and belief, at all relevant times, Defendant Ballistic Logistics LLC, acting through Nicholas Greene, its employee, agent, officer and/or servant, who was acting within the course and scope of his employment, office and/or authority, was negligent with regard to driving a motor vehicle, as more fully described above.

43.     As a direct, proximate, and foreseeable result of the foregoing negligent acts and/or omissions, Deseree Zimmerman and Kristen Sanchez sustained injuries damages and losses as more fully described above.

## PRAYERS FOR RELIEF

WHEREFORE, Deseree Zimmerman and Kristen Sanchez respectfully request that judgment be entered as follows:

    a.   Judgment in favor of Plaintiffs on all claims;

    b.   Compensatory damages against the Defendants including past and future economic, noneconomic and physical disfigurement and impairment damages, in amount determined by the trier of fact;

    c.   An award of all interest available under the law, including pre-judgment and post-judgment interest;

    d.   An award of costs; and

    e.   Such other and further relief as this Court may deem just, equitable, or proper.

## JURY DEMAND

Deseree Zimmerman and Kristen Sanchez demand a trial by jury on all issues so triable.

Respectfully submitted April 12, 2019,

*/s/ Sean B. Leventhal*
Sean B. Leventhal, Esq.
Jonathan S. Sar, Esq.
Leventhal Sar LLC
3200 Cherry Creek S. Drive, Suite 520
Denver, Colorado 80209
Phone: 720.667.3030
Fax: 888.446.8602
sleventhal@leventhalsarlaw.com
jsar@leventhalsarlaw.com

*/s/ William T. Gibbs*
William T. Gibbs, Esq.
Corboy & Demetrio, P.C.
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
Phone: 312.346.3191
ccfiling@corboydemetrio.com

*Attorneys for Plaintiff*

Address of Plaintiff:
925 Trumbull
Chicago, IL 60651